# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-40079
Conference Calendar

JERRY LEWIS DEDRICK

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; JODY R UPTON, Warden

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-971

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jerry Lewis Dedrick, federal prisoner # 27140-180, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging his guilty plea conviction and sentence for aiding and abetting the possession of more than 50 grams of cocaine base with intent to distribute. The district court denied Dedrick's § 2241 petition because he had not shown that his claims satisfied the requirements of the 28 U.S.C. § 2255 savings clause. Dedrick argues that the district court should have construed his § 2241 petition as a second or successive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2255 motion and transferred it to this court as a motion for authorization to file a successive § 2255 motion. Dedrick also argues that the indictment was "bogus"; he was never in possession of the cocaine base; and he is actually innocent of the enhanced sentence because he did not receive notice concerning the career criminal enhancement.

In order to satisfy the criteria of § 2255's savings clause, Dedrick must show that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that the claims were foreclosed by circuit law at the time when they should have been raised at trial, on appeal, or in an initial § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Dedrick has not made the requisite showing. Accordingly, the district court's dismissal of Dedrick's § 2241 petition is AFFIRMED. To the extent that Dedrick seeks authorization to file a successive § 2255 motion raising the above claims, the motion is DENIED. See 28 U.S.C. §§ 2244(b)(2), 2255(h).